Hand-Delivered

FILED
CHARLOTTE, NC

JAN 1 2 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DAKOTA MD CARTER,
Plaintiff,

v.

ROOF ABOVE, INC.,
JOHN DOE 1–20,
JANE DOE 1–20,
Defendants.

Case No.: 3-26-CV-23 - MOC

CIVIL COMPLAINT
(JURY TRIAL DEMANDED)

Plaintiff Dakota MD Carter ("Plaintiff"), proceeding pro se, alleges as follows:

I. INTRODUCTION

1. This action arises from an escalating course of retaliatory, coercive, and discriminatory conduct by a publicly funded men's shelter in Charlotte, North Carolina, following a violent assault on its premises and Plaintiff's subsequent police report, medical treatment, documentation, and grievance activity.

2. The conduct at issue includes, but is not limited to: selective and unequal enforcement of rules; retaliation for protected speech and petitioning activity; coercive discipline during periods of medical impairment; interference with disability-related needs; destruction and seizure of personal and medical property; harassment through repeated security screening; denial of access to evidence and the courts; failure to preserve known video evidence; and Plaintiff's eviction in the middle of winter under pretextual and retaliatory circumstances.

3. Plaintiff brings claims under 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, the Rehabilitation Act, and related state law.

II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States.

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because all events giving rise to the claims occurred in the Western District of North Carolina, Charlotte Division.

III. PARTIES

7. Plaintiff Dakota MD Carter MacBain is an adult individual who was formerly residing at Defendants' shelter in Charlotte, North Carolina.

8. Defendant Roof Above, Inc. is a North Carolina nonprofit corporation operating homeless shelter services in Charlotte and receives public funding and governmental partnership support.

9. Defendants John Doe 1–20 and Jane Doe 1–20 are shelter staff members, supervisors, counselors, security personnel, administrators, and/or policymakers whose identities are currently unknown to Plaintiff.

10. All Doe Defendants acted under color of state law and within the scope of their employment or authority at all relevant times.

IV. FACTUAL ALLEGATIONS

11. Plaintiff repeatedly disclosed medical and disability-related needs to Defendants, including neurological impairment and health-support requirements.

12. Plaintiff maintained sealed vitamin, electrolyte, and medical support supplies for legitimate health purposes and requested accommodation to continue doing so.

13. Over the course of approximately one year, Plaintiff experienced a pattern of selective enforcement, false or duplicative disciplinary write-ups, arbitrary rule application, and interference with his personal property.

14. Plaintiff was subjected to repeated harassment through metal-wand and security screenings involving false alerts, public accusations, prolonged questioning, and eventual release without any findings of prohibited items.

15. Plaintiff was physically assaulted on shelter property by a non-resident assailant after Defendants allegedly failed to remove or bar the individual despite prior violent incidents and warnings.

16. Surveillance video exists documenting the assault and related events. Plaintiff personally viewed portions of this footage.

17. Plaintiff reported the assault to law enforcement and sought emergency medical treatment, including stitches and treatment for concussion-related symptoms.

18. While Plaintiff was actively symptomatic from his injuries, Defendants escalated coercive enforcement actions, threatened removal, forced compliance, interrupted Plaintiff while he attempted to explain his condition, raised their voices, imposed shifting and arbitrary deadlines, and framed eviction as a matter of personal authority rather than neutral policy.

19. After Plaintiff documented misconduct, filed grievances, and sought preservation of video evidence, Defendants further escalated enforcement actions.

20. Defendants interfered with, seized, and disposed of Plaintiff's health-related and medical property despite prior notice of its medical necessity and Plaintiff's objections.

21. Plaintiff was evicted in the middle of winter on the same day his medical and health-support property was disposed of, while he was medically impaired, under disputed, inconsistent, and pretextual reasoning.

22. Defendants failed to voluntarily preserve or produce surveillance footage and related records despite notice, written preservation requests, and the foreseeability of litigation.

V. CLAIMS FOR RELIEF

COUNT I — 42 U.S.C. § 1983
First Amendment Retaliation

23. Plaintiff engaged in constitutionally protected activity, including reporting criminal conduct to police, seeking medical care, filing grievances, documenting misconduct, and requesting preservation of evidence.

24. Defendants retaliated against Plaintiff by escalating selective enforcement, subjecting him to harassment, destroying and seizing his property, threatening removal, and ultimately evicting him.

25. Plaintiff's protected activity was a substantial or motivating factor in Defendants' retaliatory actions.

COUNT II — 42 U.S.C. § 1983
Equal Protection / Selective Enforcement

26. Plaintiff was intentionally treated differently from other similarly situated shelter residents.

27. Defendants selectively enforced rules against calm, compliant residents while avoiding enforcement against confrontational or disruptive individuals.

28. The differential treatment lacked a rational basis and was motivated by animus and retaliation.

COUNT III — 42 U.S.C. § 1983
Fourth Amendment — Unreasonable Seizure of Person and Property

29. Defendants repeatedly detained Plaintiff through coercive security screenings without reasonable suspicion or cause.

30. Defendants seized and destroyed Plaintiff's personal and medical property without justification, warrant, or due process.

31. These actions constituted unreasonable seizures under the Fourth Amendment and were carried out under color of state law.

COUNT IV — 42 U.S.C. § 1983
Procedural Due Process

32. Plaintiff was deprived of housing, property, and liberty interests without adequate notice, objective standards, or a meaningful opportunity to be heard.

33. Policies and practices barring residents from documenting false allegations and denying access to evidence violated basic procedural fairness.

COUNT V — 42 U.S.C. § 1983
Substantive Due Process

34. Defendants' conduct, including coercion during medical impairment, arbitrary enforcement, destruction of medical supplies, and winter eviction, was conscience-shocking and violated substantive due process.

COUNT VI — Americans with Disabilities Act (Title II)
Failure to Accommodate

35. Plaintiff is an individual with disabilities and/or medical impairments within the meaning of the ADA.

36. Defendants had notice of Plaintiff's disabilities and denied reasonable accommodations, interfered with disability-related needs, and excluded Plaintiff from services and benefits.

COUNT VII — Americans with Disabilities Act
Retaliation (42 U.S.C. § 12203)

37. Plaintiff requested accommodations and asserted rights protected by the ADA.

38. Defendants retaliated by escalating enforcement, disposing of Plaintiff's property, and evicting him.

COUNT VIII — Rehabilitation Act
29 U.S.C. § 794

39. Defendant Roof Above, Inc. receives federal financial assistance.

40. Plaintiff was excluded from participation in and denied the benefits of Defendants' services, and subjected to discrimination, solely by reason of disability.

COUNT IX — 42 U.S.C. § 1983
Denial of Access to Courts

41. Defendants interfered with Plaintiff's ability to preserve evidence, document misconduct, and pursue legal redress.

42. Bans on photography, refusal to release surveillance video, and failure to preserve evidence caused actual injury to Plaintiff's ability to pursue legal claims.

COUNT X — Spoliation of Evidence
(Federal Inherent Authority)

43. Defendants had notice of foreseeable litigation.

44. Defendants failed to preserve surveillance footage and related records despite preservation requests.

45. The loss or risk of loss of this evidence has impaired Plaintiff's claims.

COUNT XI — Monell Liability
Policy, Practice, or Custom

46. The constitutional and statutory violations resulted from institutional policies, practices, or customs, including but not limited to:
   a. Selective enforcement;
   b. Retaliation against complainants;
   c. Authority-based coercive discipline;
   d. Denial of documentation and evidence access;

e. Failure to preserve surveillance footage.

47. Supervisory and executive leadership had notice of these practices and failed to correct them.

COUNT XII — State Law Claims (Preserved)

48. Defendants breached duties owed under North Carolina law, including negligence, premises liability, conversion, and retaliatory eviction, causing Plaintiff harm.

VI. RELIEF REQUESTED

Plaintiff respectfully requests that this Court award:

a. Compensatory damages;
b. Punitive damages against individual defendants;
c. Declaratory and injunctive relief;
d. Orders requiring preservation of evidence;
e. Costs and fees pursuant to 42 U.S.C. § 1988;
f. Such other relief as the Court deems just and proper.

VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Dakota MD Carter
Plaintiff, Pro Se
945 N College St
Charlotte, NC 28206
Email: ss-dcm42@proton.me

Date: Jan 12 2026